## WOODWARD v. ANACOSTIA BANK.

### No. 5515.

Court of Appeals of the District of Columbia.
Argued May 31, 1932.
Decided June 20, 1932.

Arthur G. Lambert, Walter Casey, and George L. Hart, Jr., all of Washington, D. C., for appellant.

George C. Gertman, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

MARTIN, Chief Justice.

This appeal relates to a certain certificate for 45 shares of common stock of the Halloran-Judge Trust Company, Inc., of Salt Lake City, Utah. The certificate is held by appellee, the Anacostia Bank, as collateral for two promissory notes executed by Charles Loffler to the bank, whereas the appellant, John J. Woodward, claims to be the owner of the stock with right of immediate possession of the certificate free of all claims of the bank.

The case out of which the appeal grows was commenced in the lower court by a bill of complaint filed by Charles Loffler as plaintiff against John J. Woodward et al., as defendants. In the bill Loffler claimed that he had been conducting business under the name of Charles Loffler & Co., and had employed Woodward as bookkeeper and agent at a certain stipulated salary, and that while acting as such, Woodward had willfully failed to account for various sums of money received by him for plaintiff, and had been guilty of many acts of malfeasance, whereupon plaintiff prayed for a discovery, an accounting, and a recovery against Woodward. The defendant, Woodward, filed an answer and cross-bill wherein he denied that he had been an employee of Loffler, and alleged that he had been an equal partner with him in the business of Charles Loffler & Co. He denied all charges of malfeasance, and by way of cross-bill charged that at one time the partnership was in need of funds, and he had delivered the stock certificate now in question to the Anacostia Bank, as collateral security for a loan of $3,000 made by the bank to the firm; that it was agreed that the stock should not be used as collateral for

any other loan; and that Loffler was to pay the loan and return the stock to Woodward; but that Loffler had failed to perform this agreement, and instead had borrowed an additional sum of $1,500 from the bank and used the stock as collateral; whereupon Woodward prayed that the Anacostia Bank be made a party defendant in the case, and that the stock certificate in question should be "relieved of all liens of the Anacostia Bank beyond the amount of three thousand dollars ($3,000) represented by the note" first above mentioned.

The bank, having been made a party defendant in the case, filed an answer wherein it averred that prior to the making of the two loans Woodward stated to the bank that he had delivered the stock to Loffler to be used by him as collateral security for any money he might borrow from the bank without any restrictions, and that the bank thereupon made the two loans, to wit, for $3,000 and $1,500, respectively, accepting the stock as collateral security therefor, and that the loans had never been repaid.

The lower court tried the issue concerning the stock, and held upon the evidence that the stock had been deposited with the bank as collateral security for a loan of $3,000 and also as security for any further loan which Loffler might want to obtain from the bank; that the loan of $1,500 was made pursuant to this arrangement; and accordingly that the bank had a valid lien thereon for the unpaid balance of both loans. Therefore Woodward's cross-petition against the Anacostia Bank was dismissed. This appeal was taken from that decision.

In this court Woodward furthermore claims that the bank without his knowledge or consent permitted Loffler to renew the loans in question, and that this procedure discharged the lien upon the stock by analogy with the discharge of a surety upon a promissory note if the note be renewed by the creditor without the knowledge or consent of the surety.

We find no merit in the appeal. The evidence fully supports the finding of the lower court that the stock was received by the bank as collateral for both of the two loans in question. If there was any agreement to the contrary between Loffler and Woodward, it does not appear that it was ever made known to the bank. Moreover, if Woodward was an equal partner in the firm of Charles Loffler & Co., as he alleged under oath in

his answer, it follows that he was not a surety in the loans made by the bank to that firm. The bank therefore did not impair its lien upon the stock for the two loans in question by the successive renewals of the firm's notes to the bank.

The decree of the lower court is accordingly affirmed, with costs.

Affirmed.